SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700
John Wm. Butler, Jr.
Albert L. Hogan, III
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
Four Times Square
New York, New York  10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

BAKER & MCKENZIE LLP
815 Connecticut Avenue, N.W.
Washington, D.C.  20006-4078
(202) 452-7080
Mary B. Hevener

Attorneys for Delphi Corporation, Delphi Automotive Systems LLC, and
Delphi Automotive Systems Services LLC, Respondents

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| In re | 08 Civ. 04487 (PKC) |
| DELPHI CORPORATION, et. al., | Bankr. Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| DELPHI CORPORATION, DELPHI AUTOMOTIVE SYSTEMS LLC, AND DELPHI AUTOMOTIVE SYSTEMS SERVICES LLC, | Adversary Proceeding No. 08-01038 |
| Plaintiffs, | |
| - against - | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DECLARATION OF EVAN GERSHBEIN IN SUPPORT OF
MEMORANDUM OF LAW IN SUPPORT OF RESPONDENTS' OPPOSITION TO
GOVERNMENT'S MOTION TO WITHDRAW REFERENCE

I, Evan Gershbein, declare:

1.      Respondents Delphi Corporation, Delphi Automotive Systems LLC, and Delphi Automotive Systems LLC ("Plaintiffs") and certain of their subsidiaries and affiliates are debtors and debtors-in-possession (the "Debtors" in chapter 11 cases (the "Chapter 11 Cases") under title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended as of October 8, 2005.  I submit this declaration in support of the Memorandum Of Law In Support Of Objection To Government Motion To Withdraw Reference.

2.      I am over eighteen years of age and not a party to the above-captioned civil proceeding.  I am a Senior Consultant of Kurtzman Carson Consultants LLC ("KCC"), and my business address is 2335 Alaska Avenue, El Segundo, California 90245.  The Debtors retained KCC as the claims agent in the Chapter 11 Cases pursuant to the Final Order Under 28 U.S.C. § 156(c) Authorizing Retention And Appointment Of Kurtzman Carson Consultants LLC As Claims, Noticing, And Balloting Agent for Clerk Of Bankruptcy Court, entered by the United States Bankruptcy Court for the Southern District of New York on December 1, 2005 (Chapter 11 Case Docket No. 1374).  This declaration is based upon my personal knowledge, except as to such matters as are stated upon information and belief.

3.      I certify that the following attached exhibits are true and correct copies of certain proofs of claims filed in the Chapter 11 Cases.  For each attached exhibit, the following table indicates: the exhibit number, the claimant listed on the proof of claim, the Debtor against which the claim is filed, the proof of claim number, and the status of the proof of claim.

| Exhibit Number | Gov't Agency Claimant | Debtor | Claim Number | Status Of Claim |
|---|---|---|---|---|
| 1 | DHHS | Delphi Automotive Systems, Inc. (predecessor to Delphi Corp.) | 2578 | Objection pending |
| 2 | EEOC | Delphi Corporation | 14821 | Expunged |
| 3 | EEOC | Delphi Corporation | 16727 | Expunged/Appealed |
| 4 | EEOC | Delphi Corporation | 16747 | Expunged |
| 5 | EPA | Delphi Automotive Systems LLC | 14309 | Claim filed |
| 6 | IRS | Delphi Automotive Systems Services LLC | 7314 | Expunged |
| 7 | IRS | Delphi Automotive Systems Services LLC | 14154 | Objection pending |
| 8 | IRS | Delphi Automotive Systems Services LLC | 15822 | Expunged |
| 9 | IRS | Delphi Corporation | 7498 | Expunged |
| 10 | IRS | Delphi Corporation | 12127 | Expunged |
| 11 | IRS | Delphi Corporation | 14259 | Expunged |
| 12 | SEC | Delphi Corporation | 2445 | Withdrawn |

I declare under penalty of perjury that the foregoing is true and correct.  Executed on June 9, 2008 in Los Angeles, California.

Evan Gershbein

# Exhibit 1
# Claim No. 2578

APR-06-2006  12:48    CMS    P.02/02

**FORM B10 (Official Form 10) (04/04)**

| UNITED STATES BANKRUPTCY COURT __Southern__ | DISTRICT OF New York | PROOF OF CLAIM |
|---|---|---|

Name of Debtor
**Delphi Automotive Systems, Inc.**

Case Number: 44596
05-44596-rdd

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Claim #02578
USBC SDNY
Delphi Corporation, et al.
05-44481 (RDD)

Name of Creditor (The person or other entity to whom the debtor owes money or property):

**U.S. Dept. of Health and Human Services**

Name and address where notices should be sent:

**Office of the United States Attorney**
**Southern District of New York**
**86 Chambers Street, NY, NY 10007**

Telephone number: **212-637-2700**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☒ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

**RECEIVED**

**APR 1 0 2006**

**KURTZMAN CARSON**

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here ☐ replaces
if this claim ☐ amends    a previously filed claim, dated: _____

1. **Basis for Claim**
   ☐ Goods sold
   ☐ Services performed
   ☐ Money loaned
   ☐ Personal injury/wrongful death
   ☐ Taxes
   ☒ Other __Overpayment to Medicare__ Program

   ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   ☐ Wages, salaries, and compensation (fill out below)
   Last four digits of SS #: _____
   Unpaid compensation for services performed
   from _____ to _____
   (date)          (date)

2. **Date debt was incurred:**
   1/1/2001 to Present

3. If court judgment, date obtained: _____

4. **Total Amount of Claim at Time Case Filed:**  $ 65,799.34 _____ _____ $65,799.34
                                                    (unsecured)    (secured)    (priority)    (Total)

   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.

   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Secured Claim.**
   ☐ Check this box if your claim is secured by collateral (including a right of setoff).

   Brief Description of Collateral:
   ☐ Real Estate    ☐ Motor Vehicle
   ☐ Other _____

   Value of Collateral:  $ _____

   Amount of arrearage and other charges at time case filed included in secured claim, if any:  $ _____

6. **Unsecured Nonpriority Claim** $ 65,799.34

   ☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. **Unsecured Priority Claim.**
   ☐ Check this box if you have an unsecured priority claim

   Amount entitled to priority $ _____

   Specify the priority of the claim:
   ☐ Wages, salaries, or commissions (up to $4,925,)* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
   ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
   ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
   *Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. **Supporting Documents:**  *Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.* DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. **Date-Stamped Copy:**  To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 4/6/06 | Mr. Glenn Chaney, CMS, HHS    _Glenn J Chaney_ |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.



0544596060406000000000001

Gerschbein Decl. Exs. Page 5

Attachment to Proof of Claim of the
United States Department of Health and Human Services

**In Re Delphi Automotive Systems, Inc.**
Case No. 05-44596-rdd
Chapter 11 (Voluntary, Asset)

United States Bankruptcy Court for the Southern District of New York (Manhattan)

1.     Basis For Claim

Debts arising under the Medicare Program established under Title XVIII of the Social
Security Act, 42 U.S.C. § 1395-1395ggg.

2.     Date Debt Was Incurred

This claim reflects the estimated liability of the debtor to this agency of the United
States for debts arising under the Medicare Program from 1/1/2001 to the petition date.
Because the United States continues to search its data bases for further debts which arose
under the provisions of the Medicare Secondary Payer Act, 42 U.S.C. § 1395y,
subsequent debts for these and other years may be determined at a later date.

8.     Credits and Setoffs

The United States reserves the right to amend this claim to assert subsequently discovered
liabilities.  The indemnification of any sums held subject to setoff is without prejudice to
any other right under 11 U.S.C. § 553 to set off, against this claim, debts owed to the
debtor by this or any other federal agency.

# Exhibit 2
# Claim No. 14821

FORM B10 (Official Form 10) (04/05)

| UNITED STATES BANKRUPTCY COURT S. D. | DISTRICT OF New York | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor: Delphi Corporation | Case Number 05 – 44481 (RDD) |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Claim #14821
USBC SDNY
Delphi Corporation, et al.
05-44481 (RDD)

Name of Creditor (The person or other entity to whom the debtor owes money or property):

J. S. Equal Employment Opportunity Commission

Name and address where notices should be sent:
Donna L. Williams Alexander, Esq.,
AJC Federal Building, Suite 3001
1240 East Ninth Street
Cleveland, Ohio 44199
Telephone number: 216-522-7454

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☑ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court.

**RECEIVED**
AUG 1 1 2006
KURTZMAN CARSON
THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here ☐ replaces
if this claim ☐ amends    a previously filed claim, dated:_____

**1. Basis for Claim**
☐ Goods Sold / Services Performed
☐ Customer Claim ☒ Date Stamped Copy Returned
☐ Taxes ☐ No self addressed stamped envelope
☐ Money Loaned
☐ Personal Injury ☐ No copy to return
☐ Other _____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☑ Wages, salaries, and compensation (fill out below)
Last four digits of SS #: _____
Unpaid compensation for services performed
from _____ to _____
        (date)        (date)

**2. Date debt was incurred:** June 1, 2004

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ _____ _____ _____ _____
        (unsecured)    (secured)    (priority)    (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate ☐ Motor Vehicle
☐ Other _____

Value of Collateral: $ _____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

**6. Unsecured Nonpriority Claim** $ _____

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☑ Check this box if you have an unsecured priority claim
Amount entitled to priority $ 300,000.00
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☑ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

**RECEIVED**
1 2008
CLAIMS PROCESSING CENTER
USBC, SDNY

| Date 7/24/06 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): Donna L. Williams Alexander |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up


0544481060731000000000538

Gerschbein Decl. Exs. Page 8

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 220-2005-00381 |

Ohio Civil Rights Commission _____ and EEOC

*State or local Agency, if any*

| Name *(Indicate Mr., Ms., Mrs.)* | Home Phone No. *(Incl Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Amy M. ~~Hauke~~ McCullough** | (419) 625-2925 | 04-06-1980 |

Street Address                    City, State and ZIP Code

**Po Box 1867 Sandusky, OH 44870**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **DELPHI AUTOMOTIVE** | **500 or More** | **(419) 627-7000** |

Street Address                    City, State and ZIP Code

**2509 Hayes Ave.,  Sandusky, OH 44870**

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

Street Address                    City, State and ZIP Code

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN | Earliest  **06-15-2004**    Latest  **11-01-2004** |
| ☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER *(Specify below.)* | ☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I began working for the above named Respondent on November 29, 1999 as a Machine Operator. My current job title is General Service Attendant (GSA). On or about June 15, 2004 and continuing on an ongoing basis thereafter, my immediate supervisor, Greg McKown, began making sexually offensive comments to me and putting his arm around me and intentionally brushing up against my breasts. Each time, I told McKown his actions were offensive and to stop, but he kept harassing me.

In October 2004, I warned McKown not to touch me again. Immediately afterwards, I was written up and suspended for not following instructions. On November 1, 2004, I confronted McKown again and told him I would no longer tolerate working in the sexually hostile environment he created. On November 3, 2004, a meeting was held with Management, and I made them aware of the situation. No corrective action was taken.

I believe I have been discriminated against because of my sex, female, and retaliated against for complaining about a protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

EEOC
CLEVELAND DISTRICT OFFICE

DEC 2 1 2004

RECEIVED

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| X 12-20-04 *Date*    X Amy May McCullough *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) | 3:06CV0680 |
| v. | ) ) ) | JUDGE KATZ |
| | ) ) | **COMPLAINT AND** |
| DELPHI CORPORATION, | ) ) ) ) | **JURY TRIAL DEMAND** |
| Defendant. | ) ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, (42 U.S.C. §2000e, et seq), ("Title VII") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, female and to make whole Amy McCullough and similarly situated employees who were adversely affected by Defendant's unlawful practices.

As alleged with greater particularity in paragraph 7 below, the Commission alleges that beginning in June of 2004,    Defendant subjected its employee, Amy McCullough, to a pattern of severe and pervasive sexual harassment resulting in the creation of a sexually hostile work environment for Ms. McCullough and similarly

situated females. As a result of the discrimination, Ms. McCullough suffered emotional distress.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f) (1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3), and  pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.    The employment practices alleged to be unlawful were committed within The jurisdiction of the United States District Court for the Northern District of Ohio, Western Division.

## PARTIES

3.    Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the Agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f) (1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.    At all relevant times, Defendant, Delphi Corporation ("Employer") has continuously been a corporation doing business in the State of Ohio and the City of Sandusky and has continuously had at least 15 employees.

5.    At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701 (b), (g) and (h) of Title VII, 42 U.S.C. § 2000e (b), (g) and (h).

## STATEMENT OF CLAIMS

6.    More than thirty days prior to institution of this lawsuit, Amy M. McCullough filed charges with the Commission alleging violations of Title VII by Defendant Employer.  All conditions precedent to the institution of this suit have been fulfilled.

7.    Beginning during the month of June of 2004,    Defendant Employer engaged in unlawful employment practices in its Sandusky, Ohio location, by subjecting Amy McCollough to a sexually hostile work environment based on her sex, in  violation of Section 703  of Title VII, 42 U.S.C. §2000e-2.  These unlawful practices include, but are not limited to the following:

a) Amy M. McCullough has been employed at Defendant's plant since November of 1999.  In June of 2004, shortly after she came under the supervision of Greg McKown, she was subjected to a pattern of severe and pervasive sexual harassment perpetrated by McKown.

b)    The sexual harassment perpetrated by McKown against Ms. McCullough consisted of constant inappropriate remarks and touching.

c) Ms. McCullogh made it clear from the beginning of the harassment that it was unwelcome and she objected to the behavior.

d) Ms. McCullough complained about the inappropriate conduct not only to McKown, she also complained to his supervisor and other management personnel at Defendant.

e)   Despite her complaints, Defendant Employer failed to stop the harassment and allowed a workplace permeated with severe and pervasive harassment based on sex, female;

f) Defendant Employer subjected Amy M. McCullough and similarly situated female employees to a pattern of severe and pervasive sexual harassment during her/their employment;

g) Defendant Employer failed to exercise reasonable care to prevent and eradicate the sexual harassment;

h)  Defendant's conduct caused Amy M. McCullough emotional suffering and anxiety which required medical attention.

8.     The effect of the practices complained of deprived Amy M. McCullough of equal employment opportunities and adversely affected her status as an employee due to impermissible considerations of sex.

9.     The unlawful practices complained of above were intentional.

10.    The unlawful employment practices complained of above were undertaken with malice and/or reckless indifference to the federally protected rights of Amy M. McCullough.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from discriminating against individuals by the implementation of practices and policies which prevent discrimination on the basis of sex.

B.   Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for persons regardless of sex and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant Employer to make whole Amy M. McCullough by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its    unlawful employment practices.

D.  Order Defendant Employer to make whole Amy M. McCullough by providing affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, back pay and front pay in amounts to be proven at trial.

E.  Order Defendant Employer to make whole Amy M. McCullough by providing compensation for past and future pecuniary losses, in amounts to be proven at trial.

F.  Order Defendant Employer to make whole Amy M. McCullough by providing compensation for past and future non-pecuniary losses in amounts to be proven at trial.

G.   Grant an order assessing punitive damages against Defendant Employer for its malicious and reckless conduct described herein above in amounts to be determined at trial.

H.    Grant such further relief as the Court deems necessary and proper in the public interest.

I.    Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its

Complaint.

Respectfully submitted,

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL
1801 L. Street, N.W.
Washington, D.C. 20507

*Jacqueline McNair*

Jacqueline McNair
Regional Attorney

*C. Larry Watson*

C. Larry Watson
Associate Regional Attorney
Registration No. 0031443
larry.watson@eeoc.gov

*Donna Williams Alexander*

Donna Williams-Alexander
Trial Attorney
Registration No. 0037838
donna.williams-alexander@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Cleveland Field Office
Anthony J. Celebrezze Federal Office Building
1240 East Ninth Street  - Suite 3001
Cleveland, Ohio  44199
(216) 522-7454
(216) 522-7430 fax
donna.williams-alexander@eeoc.gov

# Exhibit 3
# Claim No. 16727

FORM B10 (Official Form 10) (4/98)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor<br>**Delphi Corp. et al** | Case Number<br>**05-44481** | |
|---|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" of payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor
**U.S. Equal Employment Opportunity Commission**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Claim #16727
USBC SDNY
Delphi Corporation, et al.
05-44481 (RDD)

Name and address where notices should be sent:
**Margaret A. Malloy**
**Trial Attorney**
**U.S. Equal Employment Opportunity Commission**
**33 Whitehall St.**
**New York, NY 10004**
**212-336-3690**

☒ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR
COURT USE ONLY

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:
**NA**

Check here if this claim: ☐ replaces
☐ amends a previously filed claim, dated: _____

1. BASIS FOR CLAIM:
   - ☐ Goods sold
   - ☐ Services performed
   - ☐ Money loaned
   - ☐ Personal injury/wrongful death
   - ☐ Taxes
   - ☒ Other (Describe briefly): **Violation of Americans with Disabilities Act 42 U.S.C. § 12101 et seq.**
     (date) _____ (date)

   - ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   - ☒ Wages, salaries, and compensations (fill out below)
     Your SS#: _____
     Unpaid compensation for services performed
     from _____ to _____

2. DATE DEBT WAS INCURRED: **May 21, 2004**

3. IF COURT JUDGMENT, DATE OBTAINED: _____

   OCT 18 2007
   CLAIMS PROCESSING CENTER
   USBC, SDNY

4. TOTAL AMOUNT OF CLAIM AT TIME CASE FILED: **Unliquidated**
   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. SECURED CLAIM.
   ☐ Check this box if your claim is secured by collateral (including a right of setoff).
   Brief Description of Collateral:
   ☐ Real Estate    ☐ Motor Vehicle
   ☐ Other: _____
   Value of Collateral: _____
   Amount of arrearage and other charges at time case filed included in secured claim, if any: _____

6. UNSECURED PRIORITY CLAIM.
   ☒ Check this box if you have an unsecured priority claim.
   Amount entitled to priority $ **unliquidated**
   Specify the priority of the claim:
   ☒ Wages, salaries, or commissions (up to $4,000)* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
   ☐ Up to $1800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
   ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties of governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(__).
   * Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

7. CREDITS: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
8. SUPPORTING DOCUMENTS: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
9. DATE-STAMPED COPY: To receive an acknowledgment copy of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE FOR
COURT USE ONLY

**RECEIVED**

OCT 16 2007

KURTZMAN CARSON

| Date<br><br>**October 12, 2007** | Sign and print the name and title any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)<br><br>_[signature]_    **Margaret A. Malloy**<br>**Trial Attorney** | |
|---|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both



0544481071018000000000026

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EQUAL EMPLOYMENT OPPORTUNITY      :
COMMISSION,                       :
                                  :        CIVIL ACTION NO.
                   Plaintiff,     :
                                  :
       -against-                  :
                                  :        COMPLAINT
DELPHI CORP.,                     :        JURY TRIAL DEMANDED
                                  :
                   Defendant.     :
------------------------------------------------------------X

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA")

and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices and to

provide relief to Stanley Straughter ("Charging Party") and to a class of similarly situated

individuals who have been adversely affected by such practices. As alleged with particularity

below, Defendant Delphi Corp. ("Defendant") violated the ADA by making disability-related

inquiries of employees, including Charging Party, for purposes inconsistent with those permitted

by the ADA, and by taking adverse employment action against Charging Party and a class of

similarly situated individuals in retaliation for and interfering with their exercise of their rights

protected by the ADA.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the

Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12117(a), which incorporates by

reference §§ 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"),

42 U.S.C. §§ 2000e-5(f)(1) and (3).

1

2.    The unlawful employment practices alleged were committed within the jurisdiction of the United States District Court for the Western District of New York.

## PARTIES

3.    Plaintiff, Equal Employment Opportunity Commission ("EEOC"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.    At all relevant times, Defendant has continuously been a corporation doing business in the State of New York and has continuously employed at least fifteen employees.

5.    At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000-e(g) and (h).

6.    At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.    More than thirty days prior to the institution of the lawsuit, Charging Party filed a charge with the EEOC alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.    Since at least 2004, Defendant has engaged in unlawful employment practices in violation of Sections 102 and 503 of the ADA, 42 U.S.C. §§ 12112(d)(4)(A) and 12203, as outlined below:

2

a.    Charging Party was employed as a Laborer by Defendant from May 22 to August 17, 2006.

b.    On August 14 and 15, 2006, Charging Party called in sick.

c.    On August 16, 2006, Charging Party returned to work with a doctor's note verifying that he had been unable to work due to illness on the two days that he was out.

d.    Defendant informed Charging Party that he was required to sign an authorization form to allow Defendant to obtain information from Charging Party's personal physician about his medical condition.

e.    Charging Party refused to sign the form, stating that he believed the inquiry into his medical condition was unlawful.

f.    Defendant informed Charging Party that it was Defendant's policy to check all doctors' notes to verify that the reasons for the absence are acceptable, and that although an employee could refuse to sign the release, the result would be that Defendant would not accept the excuse for the absence.

g.    Charging Party asked to take a copy of the form and respond the next day. Defendant consented to this request.

h.    Charging Party then modified the form to allow Defendant to verify with his doctor that he had been unable to work on the two days that he was out, but not to discuss his actual medical condition.

i.    When Charging Party presented Defendant with the modified form the next day, he was told that it was unacceptable.

j.    Charging Party again stated his belief that it was unlawful for Defendant to demand to know his medical information.

3

k.    Defendant immediately fired Charging Party for being "an unsatisfactory temporary employee."

9.    The ADA prohibits employers from making inquiries as to whether an employee is an individual with a disability unless the inquiry is shown to be job-related and consistent with business necessity.

10.    Defendant's requirement that employees returning from sick leave sign a release of their medical information is a disability-related inquiry that is not job-related or consistent with business necessity.

11.    Defendant's requirement that employees returning from sick leave sign a release of their medical information and its practice of disciplining, withholding pay from and/or taking any other adverse employment action against employees who fail to comply with this unlawful policy constitutes coercion, intimidation and/or interference with employees' exercise or enjoyment of their rights under the ADA.

12.    Defendant's practice of disciplining, withholding pay from and/or taking any other adverse employment action against employees who refuse to comply with the unlawful policy constitutes retaliation against such employees for engaging in activity protected by the ADA.

13.    The effect of the practices complained of above has been to deprive Charging Party and a class of other individuals of equal employment opportunities and otherwise adversely affect their status as employees.

14.    The effect of the practices complained of above has been to inflict emotional pain, suffering, and inconvenience upon Charging Party and similarly situated individuals.

15.    The unlawful employment practices complained of above were intentional.

4

16.    The unlawful employment practices complained of above are continuing.

17.    The unlawful employment practices complained of above were done with malice and reckless disregard for the federally protected rights of Charging Party and similarly situated individuals, in violation of 42 U.S.C. § 12101, *et seq.*

<b><u>PRAYER FOR RELIEF</u></b>

Wherefore, EEOC respectfully requests that this Court:

A.    Enjoin Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from making any disability-related inquiries that are not job-related and consistent with business necessity;

B.    Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities and that eradicate the effects of its past and present unlawful employment practices;

C.    Order Defendant to make whole all those individuals affected by the unlawful employment practices described above, by providing appropriate back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary including re-instatement to eradicate the effects of Defendants' unlawful employment practices;

D.    Order Defendant to make whole all of those individuals adversely affected by the unlawful employment practices described above by providing compensation for nonpecuniary losses, including pain, suffering, and humiliation in amounts to be determined at trial;

E.    Order Defendant to pay all those individuals adversely affected by the unlawful employment practices described above punitive damages for Defendant's malicious and/or reckless conduct in amounts to be determined at trial.

G.    Grant such further relief as the Court deems necessary and proper.

5

H.    Award the EEOC its costs in this action.

## JURY TRIAL DEMAND

EEOC requests a jury trial on all questions of fact raised by this Complaint.

Dated:  September 27, 2007

Ronald S. Cooper
General Counsel

James Lee
Deputy General Counsel

Gwendolyn Y. Reams
Associate General Counsel

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L Street, N.W.
Washington, D.C.  20507

s/Elizabeth Grossman

_____

Elizabeth Grossman
Regional Attorney

s/Judy Keenan

_____

Judy Keenan
Supervisory Trial Attorney

s/Margaret A. Malloy

_____

Margaret A. Malloy
Trial Attorney, U.S. EEOC
33 Whitehall Street, 5th Floor
New York, New York 10004
margaret.malloy@eeoc.gov
Phone 212-336-3690
Fax 212-336-3623

6

# Exhibit 4
# Claim No. 16747

FORM B10 (Official Form 10) (04/05)

| United States Bankruptcy Court Southern ___ District of New York | PROOF OF CLAIM |
|---|---|

Name of Debtor: Delphi Corporation, et al

Case Number: 05-44481 (RDD)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Claim #16747
USBC SDNY
Delphi Corporation, et al.
05-44481 (RDD)

Name of Creditor (The person or other entity to whom the debtor owes money or property): U.S. Equal Employment Opportunity Commission

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where notices should be sent: Anthony J. Celebrezze Building 1240 East Ninth St. Suite 3001 Cleveland, Ohio 44199

Telephone number: 216-522-7454

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

**RECEIVED**

NOV 16 2007

KURTZMAN CARSON

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here ☐ replaces ☐ amends a previously filed claim, dated:_____
if this claim

**1. Basis for Claim**
- ☐ Goods Sold / Services Performed
- ☐ Customer Claim
- ☐ Taxes
- ☐ Money Loaned
- ☑ Personal Injury
- ☐ Other _____

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☑ Wages, salaries, and compensation (fill out below)
  Last four digits of SS #: _____
  Unpaid compensation for services performed
  from _____ to _____
         (date)        (date)

**2. Date debt was incurred:** 6.15.04 > continuing violation

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ _____ _____ 30,000.00 $30,000.00
                                                    (unsecured)  (secured)  (priority)  (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle
☐ Other _____

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Nonpriority Claim** $_____

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim.

Amount entitled to priority $_____

Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

RECEIVED
NOV 14 2007
CLAIMS PROCESSING CENTER
USBC SDNY

Date: 11·13·07

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): Donna P. Williams-Alexander, Esq.

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.



0544481071114000000000028



**Cleveland Field Office**

**DONNA L. WILLIAMS-ALEXANDER**
Senior Trial Attorney

Anthony J. Celebrezze Office Building
1240 East Ninth Street, Suite 3001
Cleveland, OH 44199            Fax (216) 522-7430
(216) 522-7454            donna.williams-alexander@eeoc.gov

Gerschbein Decl. Exs. Page 26

# Exhibit 5
# Claim No. 14309

Gerschbein Decl. Exs. Page 27

# ORIGINAL

**FORM B10** (Official Form 10) (04/05)

| United States Bankruptcy Court  SOUTHERN  District of  NEW YORK | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor<br>**Delphi Automotive Systems LLC** | Case Number<br>**05-44640 (RDD)** | **Received**<br><br>AUG 0 9 2006<br><br>**Kurtzman Carson**<br>Claim #14309<br>USBC SDNY<br>Delphi Corporation, et al.<br>05-44481 (RDD) |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>**U.S. Environmental Protection Agency**<br><br>Name and address where notices should be sent:<br>David J. Kennedy<br>Assistant U.S. Attorney, SDNY<br>86 Chambers Street, 3rd Floor<br>New York, NY 10007<br>Telephone number:  (212) 637-2733 | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |

| Account or other number by which creditor identifies debtor: | Check here ☐ replaces<br>if this claim ☐ amends  a previously filed claim, dated:_____ |
|---|---|

**1.  Basis for Claim**
- ☐ Goods sold
- ☐ Services performed     **See attached.**
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other _____

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SS #: _____
  Unpaid compensation for services performed
  from _____ to _____
  (date)                    (date)

**2.  Date debt was incurred:**
  See attached.

**3.  If court judgment, date obtained:**
  See attached.

**4.  Total Amount of Claim at Time Case Filed:**  $  See attached.
  (unsecured)    (secured)    (priority)    (Total)

  If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
  ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).     **See attached.**

Brief Description of Collateral:
- ☐ Real Estate  ☐ Motor Vehicle
- ☐ Other _____

Value of Collateral:  $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any:  $_____

**6.  Unsecured Nonpriority Claim** $_____

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7.  Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
  Amount entitled to priority  $_____
  Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

**8.  Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9.  Supporting Documents:**  *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:**  To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

U.S. BANKRUPTCY COURT
S.D.N.Y.
2006 JUL 31  P 3
FILED

| Date<br>7/31/06 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):  DAVID J. KENNEDY, A.U.S.A. |
|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.*



05446400607310000000000126

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: DAVID J. KENNEDY (DK-8307)
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel. No.: (212) 637-2733
Fax No.: (212) 637-2686

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

In re:                                              CHAPTER 11

DELPHI AUTOMOTIVE SYSTEMS LLC,                      Case No. 05-44640-rdd

                                                    Jointly Administered

                      Debtors.

------------------------------------------------------x

**PROOF OF CLAIM OF THE UNITED STATES ON BEHALF OF
THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**

    1.    The United States files this Proof of Claim at the request of the U.S.

Environmental Protection Agency ("EPA"), against debtor Delphi Automotive Systems LLC

("Delphi"), for response costs incurred and to be incurred by the United States under the

Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42

U.S.C. §§ 9601-9675 at the Superfund Sites set forth herein in Paragraphs 2 through 7, <u>infra</u>. In

addition, with respect to equitable remedies that are not within the Bankruptcy Code's definition

of "claim," 11 U.S.C. § 101(5), this proof of claim is only filed in protective fashion. <u>See</u>, <u>e.g.</u>,

Paragraphs 3, 8, 9, and 10, <u>infra</u>.

    2.    <u>Tremont City Landfill Superfund Site</u>.  Delphi is liable to the United States under

CERCLA with respect to the Tremont City Landfill Superfund Site located at 3108 Snyder-

Domer Road, Tremont City, German Township, Clark County, Ohio (the "Tremont City Site"). The 80-acre Site includes several facilities including a closed 8.5 acre chemical waste landfill (the "Barrel Fill" facility), a closed 56 acre sanitary landfill (the "Landfill" facility), and a 15.5 acre closed oil recycling and hazardous waste storage and transfer operation (the "Waste Storage" facility). Delphi is liable to the United States because by contract, agreement or otherwise, it arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by Delphi at the Barrel Fill and Landfill facilities owned by another party or entity, and containing hazardous substances, pursuant to Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3). Delphi disposed of drums and bulk wastes containing, inter alia, paint sludge, polyester resins, polystyrene, sulfuric acid sludge, paint waste, polyol resin and caustic sludge at the Barrel Fill facility and solid wastes at the Landfill facility. The closed Barrel Fill and Landfill operations are facilities within the meaning of CERCLA. There have been releases or threats of releases of hazardous substances, including but not limited to, inorganic compounds (antimony, arsenic, thallium, cyanide and lead) and volatile organic compounds (xylene, methylene chloride, ethyl benzene and acetone), from the facilities at the Tremont City Site. These hazardous substances have been released into the waterways, surface water, soils, and sediments at the Tremont City Site. Other potentially responsible parties may, along with Delphi, also be jointly and severally liable to the United States under CERCLA with respect to the Barrel Fill and Landfill facilities.

3.       This Proof of Claim is filed in a protective manner with respect to Delphi's obligations to perform work with respect to the Tremont City Site. See Paragraph 8, infra. On October 3, 2002, EPA entered into an Administrative Order on Consent ("AOC")(Docket # V-

2

W-03-C-719) with Delphi that required Delphi, and six other respondents, inter alia, to conduct a Remedial Investigation/Feasibility Study ("RI/FS") at the Tremont City Site. Delphi and the remaining AOC respondents have completed the RI field work. EPA estimates that it may cost the jointly and severally liable parties, including Delphi, approximately $1 million to complete the required work under the AOC, some of which has already been performed. EPA has not yet selected remedial action under CERCLA for the Barrel Fill and Landfill facilities at the Tremont City Site and Delphi has therefore not yet been ordered to perform remedial work, but may be ordered by a court or other authority found to have jurisdiction to do so in the future. Since investigations at the Barrel Fill and Landfill facilities at the Tremont City Site are continuing and remedial action has not yet been selected, the cost of Remedial Design/Remedial Action ("RD/RA") to Delphi is uncertain at this time, but the work with respect to these facilities could cost the jointly and severally liable parties, including Delphi, as much as a total of $22.2 million or more, in addition to the $1 million described above. EPA estimates that RD/RA work relating to the Barrel Fill facility could cost the jointly and severally liable parties, including Delphi, approximately $7 million. EPA estimates that RI/FS work and RD/RA work relating to the Landfill facility could cost the jointly and severally liable parties, including Delphi, approximately $14.5 million.

    4.      Response costs have been and will be incurred by EPA with respect to the Tremont City Site not inconsistent with the National Contingency Plan promulgated pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, and set forth at 40 C.F.R. Part 300, as amended. Under the AOC, Delphi is also liable to make payments for future oversight costs to EPA, which EPA estimates to be $100,000. In addition, the United States has incurred unreimbursed

3

response costs to date of approximately $820,000 with respect to the Barrel Fill and Landfill facilities at the Tremont City Site for previous work, including inter alia, a Preliminary Assessment/Site Investigation ("PA/SI"). Delphi is jointly and severally liable to the United States for the above amounts. Delphi is also jointly and severally liable for interest due under 42 U.S.C. § 9607(a). Other potentially responsible parties may along with Delphi also be jointly and severally liable to the United States for all of the above amounts plus interest due under 42 U.S.C. § 9607(a).

5.    South Dayton Dump & Landfill Superfund Site. Delphi is liable to the United States under CERCLA with respect to the South Dayton Dump and Landfill Superfund Site ("South Dayton Site") located at 1975 Dryden Road, Moraine, Ohio. Delphi is liable to the United States because by contract, agreement or otherwise, it arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by Delphi at the South Dayton Site owned by another party or entity, and containing hazardous substances, pursuant to Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3). Delphi arranged for the disposed of hazardous wastes, including but not limited to asbestos, flyash, metallic dust, oil and grease sludge and paint wastes at the South Dayton Site from several Delphi facilities in the Dayton and Kettering, Ohio area. The South Dayton Site is a facility within the meaning of CERCLA. The South Dayton Site was proposed for inclusion on the National Priorities List ("NPL"), pursuant to CERCLA Section 105, 42 U.S.C. § 9605, on September 23, 2004 (see 69 Fed. Reg. 56970). There have been releases or threats of releases of hazardous substances, including but not limited to, inorganic compounds (arsenic, cadmium, chromium, mercury and lead) and volatile and semi-volatile organic compounds (1,2-

4

dichloroethene, tetrachloroethene, toluene, polychlorinated biphenyls ("PCBs")), at the South

Dayton Site. These hazardous substances have been released into the soil and groundwater at the

South Dayton Site. Other potentially responsible parties may, along with Delphi, also be jointly

and severally liable to the United States under CERCLA with respect to the South Dayton Site.

6.      Response costs have been and will be incurred by EPA with respect to the

South Dayton Site not inconsistent with the National Contingency Plan promulgated pursuant to

Section 105 of CERCLA, 42 U.S.C. § 9605, and set forth at 40 C.F.R. Part 300, as amended.

The United States has incurred unreimbursed response costs to date of approximately $404,349

with respect to the South Dayton Site. Delphi is liable to the United States for this amount.

Delphi is also liable for interest due under 42 U.S.C. § 9607(a). Other potentially responsible

parties may along with Delphi also be jointly and severally liable to the United States for all of

the above amounts plus interest due under 42 U.S.C. § 9607(a).

7.      EPA expects to incur future response costs in connection with the  remedial

design and remedial action for the South Dayton Site. These costs have been estimated by EPA

at between $20 and 50 million. Along with other identified PRPs, Delphi is jointly and severally

liable to the United States for these amounts.

8.      <u>Protective Filing For Work Obligations</u>. The United States is not required to file a

proof of claim with respect to Delphi's injunctive obligations to comply with work requirements

arising under Orders of Courts, Administrative Orders, and other environmental regulatory

requirements imposed by law that are not claims under 11 U.S.C. § 101(5). Delphi and any

reorganized debtor(s) must comply with such mandatory injunctive and regulatory and

compliance requirements. The United States reserves the right to take future actions to enforce

5

any such obligations of Delphi. While the United States believes that its position will be upheld by the Court, the United States has filed only in protective fashion with respect to such obligations and requirements as indicated herein to protect against the possibility that Delphi will contend that it does not need to comply with any such obligations and requirements and the Court finds that it is not required to do so. Therefore, a protective contingent claim is filed in the alternative for such obligations and requirements but only in the event that the Court finds that such obligations and requirements are dischargeable claims under 11 U.S.C. § 101(5) rather than obligations and requirements that reorganized Delphi must comply with. Nothing in this Proof of Claim constitutes a waiver of any rights of the United States or an election of remedies with respect to such rights and obligations.

9.    <u>RCRA Compliance and Work Obligations</u>. This Proof of Claim is filed in a protective manner with respect to Delphi's compliance and work obligations under the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. §§ 6901 - 6992k. <u>See</u> Paragraph 8, <u>supra</u>. RCRA establishes a comprehensive regulatory program for generators of hazardous waste and for owners and operators of facilities that treat, store, or dispose of hazardous waste. Delphi is the owner and operator of RCRA-regulated facilities in including, but not limited to, Vandalia, Ohio (Vandalia Facility), as well as other locations. Pursuant to its authority under RCRA, EPA has promulgated regulations applicable to such generators and such owners and operators of hazardous waste management facilities. The federal RCRA implementing regulations are set forth at 40 C.F.R. Part 260 <u>et seq</u>. Pursuant to Section 3006 of RCRA, 42 U.S.C. § 6926, EPA has authorized various States to administer various aspects of the hazardous waste management program in such States. Pursuant to Section 3008(a) of RCRA, 42 U.S.C. § 6928(a), these

6

authorized State hazardous waste management program are enforceable by EPA. Under RCRA,

Delphi is required, inter alia, to operate in compliance with RCRA regulatory requirements,

implement closure and post-closure work and corrective action work, and perform any necessary

action with respect to any imminent and substantial endangerment to health or the environment,

see, e.g., 42 U.S.C. §§ 6924, 6928, 6973, as required by RCRA and/or RCRA permits or

Administrative Orders. For example, in or about January 2002, EPA and Delphi entered into a

RCRA Administrative Order on Consent with regard to the Vandalia, Ohio Facility, which

requires, inter alia, the continuing implementation of a Corrective Measures Plan at that Facility.

Delphi is liable for injunctive and compliance obligations that it is required to perform under

RCRA, RCRA permits, and all work requirements under RCRA permits and administrative

orders. It is the position of the United States that a proof of claim is not required to be filed for

injunctive, compliance, and regulatory obligations and requirements under RCRA. See

Paragraph 8, supra. Other liable parties may along with Delphi also be jointly and severally

liable to the United States under RCRA.

      10.    Property of the Estate. Delphi also has or may in the future have environmental

liabilities for properties that are part of its bankruptcy estate and/or for the migration of

hazardous substances from property of its bankruptcy estate. For example, Delphi has voluntary

corrective action agreements for ongoing investigations pursuant to schedules approved by EPA

for certain facilities set forth in Paragraph 9, supra. In accordance with 28 U.S.C. § 959, Delphi

is required to comply with non-bankruptcy law, including all applicable environmental laws, in

managing and operating its property. Upon confirmation of any Plan of Reorganization,

reorganized Delphi will be liable as owner or operator of property in accordance with applicable

7

environmental law. The United States is not required to file a proof of claim relating to property of the estate other than for response costs incurred prior to the petition date. The United States reserves the right to file an application for administrative expense or take other appropriate action in the future with respect to property of the estate. This Proof of Claim is filed only protectively with respect to property of the estate.

11. This Proof of Claim reflects certain known liabilities of Delphi to the United States. The United States reserves the right to amend this claim to assert subsequently discovered liabilities. This Proof of Claim is without prejudice to any right under 11 U.S.C. § 553 to set off, against this claim, debts owed (if any) to the debtor by this or any other federal agency.

12. The United States has not perfected any security interest on its claims against Delphi.

13. This claim is filed as a general unsecured claim except to the extent of any secured/trust interest in insurance proceeds received by Delphi on account of environmental liability to the United States, disputed past cost amounts held in escrow by Delphi pending dispute resolution, and to the extent administrative expense priority exists relating to property of the estate, post-petition violations of law, or otherwise. In addition, the United States will file any application for administrative expense priority at the appropriate time. The United States' position with respect to injunctive, compliance, regulatory, and work obligations that are not claims under 11 U.S.C. § 101(5) is set forth in Paragraph 8, supra.

14. Except as stated in this Proof of Claim, no judgments against Delphi have been rendered on this Proof of Claim.

Gerschbein Decl. Exs. Page 36

15.     This Proof of Claim is also filed to the extent necessary to protect the United

States' rights relating to any insurance proceeds received by Delphi relating to sites discussed

herein and any funds being held in escrow by Delphi relating to the sites discussed herein.

Dated:      New York, New York
            July 31, 2006

                            Respectfully submitted,

                            FOR THE UNITED STATES OF AMERICA:

                            MICHAEL J. GARCIA
                            United States Attorney for the
                            Southern District of New York

                            _____
                            DAVID J. KENNEDY (DK-8307)
                            Assistant United States Attorney
                            86 Chambers Street, Third Floor
                            New York, New York 10007
                            Tel. No.: (212) 637-2733
                            Fax No.: (212) 637-2730

                            _____
                            W. BENJAMIN FISHEROW
                            Deputy Section Chief
                            Environment and Natural Resources Division


                            ALAN S. TENENBAUM
                            National Bankruptcy Coordinator
                            Environmental Enforcement Section
                            Environment and Natural Resources  Division
                            U.S. Department of Justice
                            P.O. Box 7611, Ben Franklin Station
                            Washington, D.C. 20044-7611
                            (202) 514-5409

                                        9

_Francis J. Biros_

FRANCIS J. BIROS
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources  Division
U.S. Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
(202) 616-6552


OF COUNSEL:

DIANA L. EMBIL
THOMAS C. NASH
THOMAS WILLIAMS
Associate Regional Counsels
U.S. Environmental Protection Agency-- Region 5–Mail Code C14J
77 West Jackson Boulevard
Chicago, Illinois 60604-3594

10

# Exhibit 6
# Claim No. 7314

FORM B10 (Official Form 10)(10/05)

| UNITED STATES BANKRUPTCY COURT    SOUTHERN    DISTRICT OF NEW YORK | **PROOF OF CLAIM** |
|---|---|

| Name of Debtor   DELPHI AUTOMOTIVE SYSTEMS SERVICES LLC | Case Number 05-44632-RDD | Claim #07314<br>USBC SDNY<br>Delphi Corporation, et al.<br>05-44481 (RDD) |
|---|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>Department of the Treasury - Internal Revenue Service | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | RECEIVED<br>JUN 1 2006 |
|---|---|---|

Name and address where notices should be sent:

Internal Revenue Service
INTERNAL REVENUE SERVICE
290 BROADWAY, 5TH FL
NEW YORK, NY 10007

Telephone number: **(212) 436-1038**    Creditor #:

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Last four digits of account or other number by which creditor identifies debtor:    **see attachment**

Check here ☐ replaces    ☐ amends   a previously filed claim, dated: _____
if this claim

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☒ Taxes
- ☐ Other_____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
   Last four digits of your SS #: _____
   Unpaid compensation for services performed
   from _____ to _____
      (date)         (date)

**2. Date debt was incurred:**    **see attachment**

**3. If court judgment, date obtained:**

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed.
See reverse side for important explanations.

**Unsecured Nonpriority Claim $**_____

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim.**
☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority.

Amount entitled to priority $_____

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**Secured Claim.**
☒ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☒ Real Estate    ☒ Motor Vehicle    ☒ Other   **see below***

Value of Collateral: $   **see below***
* All of debtor(s) right, title and interest to property - 26 U.S.C § 6321.
Amount of arrearage and other charges at time case filed included in secured claim, if any: $    **103,138.05**

☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. Total Amount of Claim at Time Case Filed: $**

| 103,138.05 | | 103,138.05 |
|---|---|---|
| (unsecured) | (secured) | (priority) | (Total) |

☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.    **(except as noted on attachment)**

**7. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. Date-Stamped Copy:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

RECEIVED
JUN 0 5 2006
KURTZMAN CARSON

| Date<br>05/26/2006 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>/s/ MARIA VALERIO, Insolvency Specialist |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.



0544632060601000000000001

# Proof of Claim for Internal Revenue Taxes

Department of the Treasury/Internal Revenue Service



**Form 10**
Attachment

| Docket Number |
| --- |
| 05-44632-RDD |

**Type of Bankruptcy Case**

CHAPTER 11

**Date of Petition**

10/08/2005

**In the Matter of:**  DELPHI AUTOMOTIVE SYSTEMS SERVICES LLC
5725 DELPHI DRIVE
TROY, MI  48098

---

The United States has the right of setoff or counterclaim(s) in the amount of $103,138.05. The identification of the right of setoff in this amount is based on available data and is not intended to waive or limit the right to setoff against this claim debts owed to this debtor by this or any other federal agency that have not been identified. All rights of setoff are preserved and will be asserted to the extent lawful.

FICA 12/31/04 & 9/30/05   FUTA 12/31/05 (PARTIAL)

**Secured Claims** (Notices of Federal tax lien filed under internal revenue laws before petition date)

| Taxpayer ID Number | Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Penalty to Petition Date | Interest to Petition Date | Notice of Tax Lien Filed: Date    Office Location |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | | | Right to setoff |
| 38-3568834 | WT-FICA | 06/30/2005 | 10/03/2005 | $0.00 | $103,138.05 | $0.00 | |

**Total Amount of Secured Claims:** $103,138.05

**Page 1 of 1**



INTERNAL REVENUE SERVICE
290 BROADWAY, 5TH FL
NEW YORK, NY 10007

SOUTHERN NEW YORK BANKRUPTCY COURT
U.S. BANKRUPTCY COURT
ONE BOWLING GREEN
NEW YORK, NY 10004-1408

--------------------------------------------------------------------------------------------------------------------------------------
**Please Fold Here. Do not detach.** Please be sure our address shows through the envelope window.

Internal Revenue Service
INTERNAL REVENUE SERVICE
290 BROADWAY, 5TH FL
NEW YORK, NY 10007

# Exhibit 7
# Claim No. 14154

**FORM B10** (Official Form 10)(10/05)

| UNITED STATES BANKRUPTCY COURT___SOUTHERN___DISTRICT OF_NEW YORK___ | | **PROOF OF CLAIM** |
|---|---|---|

| Name of Debtor  DELPHI AUTOMOTIVE SYSTEMS SERVICES LLC | Case Number **05-44632-RDD** | Claim #14154<br>USBC SDNY<br>Delphi Corporation, et al.<br>05-44481 (RDD) |
|---|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>Department of the Treasury - Internal Revenue Service | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | **Received** |
|---|---|---|
| Name and address where notices should be sent:<br><br>Internal Revenue Service<br>INTERNAL REVENUE SERVICE<br>290 BROADWAY, 5TH FL<br>NEW YORK, NY 10007 | ☐ Check box if you have never received any notices from the bankruptcy court in this case.<br><br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | **AUG 0 9 2006**<br><br>**Kurtzman Carson**<br><br>THIS SPACE IS FOR COURT USE ONLY |
| Telephone number: (212) 436-1038   Creditor #: | | |
| Last four digits of account or other number by which creditor identifies debtor:         see attachment | Check here  ☐ replaces   a previously filed claim, dated: 05/26/2006<br>if this claim  ☒ amends | |

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☒ Taxes
- ☐ Other_____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of your SS #: _____
Unpaid compensation for services performed
from _____ to _____
           (date)                      (date)

**2. Date debt was incurred:**    see attachment

**3. If court judgment, date obtained:**

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed.
See reverse side for important explanations.

**Unsecured Nonpriority Claim** $_____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim.**
☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority.

Amount entitled to priority $_____

Specify the priority of the claim:
- ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
- ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(5).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**Secured Claim.**
☒ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☒ Real Estate   ☒ Motor Vehicle   ☒ Other  see below*

Value of Collateral: $  see below *
*All of debtor(s) right, title and interest to property - 26 U.S.C. § 6321.
Amount of arrearage and other charges at time case filed included in secured claim, if any: $   9,281.26

- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. Total Amount of Claim at Time Case Filed:** $ _____ 9,281.26 _____ _____ 9,281.26
(unsecured)      (secured)      (priority)      (Total)
☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.    (except as noted on attachment)

**7. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

RECEIVED ... 2006 CLAIMS

| Date<br><br>07/27/2006 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br><br>/s/ MARIA P VALERIO, Insolvency Specialist |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment f



05446320607310000000010

# Proof of Claim for
# Internal Revenue Taxes

Department of the Treasury/Internal Revenue Service



**Form 10**
Attachment

| Docket Number |
| --- |
| 05-44632-RDD |

| Type of Bankruptcy Case |
| --- |
| Chapter 11 |

| Date of Petition |
| --- |
| 10/08/2005 |

In the Matter of:    DELPHI AUTOMOTIVE SYSTEMS SERVICES
LLC
5725 DELPHI DRIVE
TROY, MI  48098

Amendment No. 1 to Proof of Claim dated 05/26/2006

The United States has the right of setoff or counterclaim(s) in the amount of $9,281.26.  The identification of the right of setoff in this amount is based on available data and is not intended to waive or limit the right to setoff against this claim debts owed to this debtor by this or any other federal agency that have not been identified.  All rights of setoff are preserved and will be asserted to the extent lawful.

FICA  12/31/04

### Secured Claims (Notices of Federal tax lien filed under internal revenue laws before petition date)

| Taxpayer ID Number | Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Penalty to Petition Date | Interest to Petition Date | Notice of Tax Lien Filed: Date    Office Location |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | | | Right to setoff |
| 38-3568834 | WT-FICA | 06/30/2005 | 10/03/2005 | $0.00 | $9,281.26 | $0.00 | |

**Total Amount of Secured Claims:**    **$9,281.26**

Gerschbein Decl. Exs. Page 45

# Exhibit 8
# Claim No. 15822

FORM B10 (Official Form 10)(10/05)

| UNITED STATES BANKRUPTCY COURT___SOUTHERN___DISTRICT OF _NEW YORK___ | PROOF OF CLAIM |
|---|---|

| Name of Debtor  DELPHI AUTOMOTIVE SYSTEMS SERVICES LLC | Case Number 05-44632-RDD | Claim #15822 USBC SDNY Delphi Corporation, et al. 05-44481 (RDD) |
|---|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

**Department of the Treasury - Internal Revenue Service**

Name and address where notices should be sent:

Internal Revenue Service
INTERNAL REVENUE SERVICE
290 BROADWAY, 5TH FL
NEW YORK, NY 10007

Telephone number: (212) 436-1038    Creditor #:

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

RECEIVED
AUG 1 2006
U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

THIS SPACE IS FOR COURT USE ONLY

Last four digits of account or other number by which creditor identifies debtor:    **see attachment**

Check here ☐ replaces
if this claim ☒ amends    a previously filed claim, dated: _05/26/2006_

RECEIVED
'AUG 1 8 2006'
KURTZMAN CARSON

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
   Last four digits of your SS #: _____
   Unpaid compensation for services performed
   from _____ to _____
        (date)              (date)

**1. Basis for Claim**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☒ Taxes
☐ Other_____

**2. Date debt was incurred:**    see attachment

**3. If court judgment, date obtained:**

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed.
See reverse side for important explanations.

**Unsecured Nonpriority Claim** $_____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim.**
☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority.

Amount entitled to priority $_____

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**Secured Claim.**
☒ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☒ Real Estate  ☒ Motor Vehicle  ☒ Other_see below*_

Value of Collateral:  $__see below*__
* All of debtor(s) right, title and interest to property - 26 U.S.C § 6321.
Amount of arrearage and other charges at time case filed included in secured claim, if any:  $___9,281.26___

☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. Total Amount of Claim at Time Case Filed:** $ _____ ___9,281.26___ _____ ___9,281.26___
(unsecured)    (secured)    (priority)    (Total)

☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. Credits:**  The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.    (except as noted on attachment)

**7. Supporting Documents:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this claim.

THIS SPACE IS FOR COURT USE ONLY

RECEIVED
AUG - 9 2006
CLAIMS PROCESSING CENTER
USBC, SDNY

| Date 07/27/2006 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): /s/ MARIA VALERIO, Insolvency Specialist |
|---|---|

Penalty for presenting fraudulent claim: Fine of up    §§ 152 and 3571

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
0544632060809000000000001

# Proof of Claim for Internal Revenue Taxes

Department of the Treasury/Internal Revenue Service



**Form 10**
Attachment

| Docket Number |
| --- |
| 05-44632-RDD |
| Type of Bankruptcy Case |
| Chapter 11 |
| Date of Petition |
| 10/08/2005 |

In the Matter of:    DELPHI AUTOMOTIVE SYSTEMS SERVICES
LLC
5725 DELPHI DRIVE
TROY, MI  48098

Amendment No. 1 to Proof of Claim dated 05/26/2006

The United States has the right of setoff or counterclaim(s) in the amount of $9,281.26. The identification of the right of setoff in this amount is based on available data and is not intended to waive or limit the right to setoff against this claim debts owed to this debtor by this or any other federal agency that have not been identified. All rights of setoff are preserved and will be asserted to the extent lawful.

FICA  12/31/04

**Secured Claims** (Notices of Federal tax lien filed under internal revenue laws before petition date)

| Taxpayer ID Number | Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Penalty to Petition Date | Interest to Petition Date | Notice of Tax Lien Filed: Date    Office Location |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | | | Right to setoff |
| 38-3568834 | WT-FICA | 06/30/2005 | 10/03/2005 | $0.00 | $9,281.26 | $0.00 | |

**Total Amount of Secured Claims:**    $9,281.26

**Page 1 of 1**

# Exhibit 9
# Claim No. 7498

Gerschbein Decl. Exs. Page 49

FORM B10 (Official Form 10)(10/05)

| UNITED STATES BANKRUPTCY COURT    SOUTHERN    DISTRICT OF  NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor  DELPHI CORPORATION | Case Number  05-44481-RDD | Claim #07498 USBC SDNY Delphi Corporation, et al. 05-44481 (RDD) |
|---|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):  Department of the Treasury - Internal Revenue Service | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | **RECEIVED** JUN 0 7 2006 KURTZMAN CARSON |
|---|---|---|
| Name and address where notices should be sent:  Internal Revenue Service  INTERNAL REVENUE SERVICE  290 BROADWAY, 5TH FL  NEW YORK, NY 10007 | ☐ Check box if you have never received any notices from the bankruptcy court in this case.  ☐ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
| Telephone number: (212) 436-1038    Creditor #: | | |

| Last four digits of account or other number by which creditor identifies debtor:    see attachment | Check here  ☐ replaces    a previously filed claim, dated: _____ if this claim  ☐ amends |
|---|---|

**1. Basis for Claim**

☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☒ Taxes
☐ Other_____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
  Last four digits of your SS #: _____
  Unpaid compensation for services performed
  from _____ to _____
       (date)              (date)

**2. Date debt was incurred:**    see attachment

**3. If court judgment, date obtained:**

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed.
    See reverse side for important explanations.

**Unsecured Nonpriority Claim $**_____10,427.75

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim.**
☒ Check this box if you have an unsecured claim, all or part of which is entitled to priority.

Amount entitled to priority $_____10,000.00

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**Secured Claim.**
☒ Check this box if your claim is secured by collateral (including a right of setoff).

  Brief Description of Collateral:
  ☒ Real Estate  ☐ Motor Vehicle  ☒ Other__see below*

  Value of Collateral:  $___see below*
  *All of debtor(s) right, title and interest to property - 26 U.S.C § 6321.
  Amount of arrearage and other charges at time case filed included in secured claim, if any:  $_____11,411.00

☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☒ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. Total Amount of Claim at Time Case Filed: $**  10,427.75    11,411.00    10,000.00    31,838.75
                                              (unsecured)    (secured)    (priority)    (Total)
☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. Credits:**  The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.    **(except as noted on attachment)**

**7. Supporting Documents:**  *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. Date-Stamped Copy:**  To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

RECEIVED JUN 5 2006

| Date  06/01/2006 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):  /s/ MARIA V VALERIO, Insolvency Specialist |
|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or impr—*



0544481060050000000000052

# Proof of Claim for
# Internal Revenue Taxes

Department of the Treasury/Internal Revenue Service



**Form 10**
Attachment

**Docket Number**

05-44481-RDD

**Type of Bankruptcy Case**

CHAPTER 11

**Date of Petition**

10/08/2005

**In the Matter of:**  DELPHI CORPORATION
5725 DELPHI DRIVE
TROY, MI  48098

---

The United States has the right of setoff or counterclaim(s) in the amount of $11,411.00. The identification of the right of setoff in this amount is based on available data and is not intended to waive or limit the right to setoff against this claim debts owed to this debtor by this or any other federal agency that have not been identified. All rights of setoff are preserved and will be asserted to the extent lawful.    *FICA 9/30/05  &  Excise 6/30/05*

### Secured Claims (Notices of Federal tax lien filed under internal revenue laws before petition date)

| Taxpayer ID Number | Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Penalty to Petition Date | Interest to Petition Date | Notice of Tax Lien Filed: Date    Office Location |
|---|---|---|---|---|---|---|---|
| 38-3430473 | WT-FICA | 06/30/2005 | 09/05/2005 | $0.00 | $11,411.00 | $0.00 | Right to setoff |

**Total Amount of Secured Claims:**    **$11,411.00**

### Unsecured Priority Claims under section 507(a)(8) of the Bankruptcy Code

| Taxpayer ID Number | Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Interest to Petition Date |
|---|---|---|---|---|---|
| 38-3430473 | WT-FICA | 06/30/2005 | 09/05/2005 | $0.00 | $0.00 |
| 38-3430473 | FOREIGN | 12/31/2005 | 1 UNASSESSED-NO RETURN | $10,000.00 | $0.00 |
| | | | | $10,000.00 | $0.00 |

**Total Amount of Unsecured Priority Claims:**    **$10,000.00**

### Unsecured General Claims

Penalty to date of petition on unsecured priority claims (including interest thereon) . . . . . . . . . $10,427.75

**Total Amount of Unsecured General Claims:**    **$10,427.75**

---

1  UNASSESSED TAX LIABILITIES(S) HAVE BEEN LISTED ON THIS CLAIM BECAUSE OUR RECORDS SHOW NO RETURN(S) FILED. WHEN THE DEBTOR(S) FILES THE RETURN OR PROVIDES OTHER INFORMATION AS RE
QUIRED BY LAW THE CLAIM WILL BE AMENDED.

**Page 1 of 1**

# Exhibit 10
# Claim No. 12127

FORM B10 (Official Form 10)(10/05)

| UNITED STATES BANKRUPTCY COURT    SOUTHERN    DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>DELPHI CORPORATION | Case Number<br>05-44481-RDD |
|---|---|

**Received**

**AUG 05 2006**

**Kurtzman Carson**

Claim #12127
USBC SDNY
Delphi Corporation, et al.
05-44481 (RDD)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

Department of the Treasury - Internal Revenue Service

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where notices should be sent:

Internal Revenue Service
INTERNAL REVENUE SERVICE
290 BROADWAY, 5TH FL
NEW YORK, NY 10007

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Telephone number: (212) 436-1038    Creditor #:

Last four digits of account or other number by which creditor identifies debtor:    see attachment

Check here
if this claim  ☐ replaces  ☒ amends  a previously filed claim, dated: 06/01/2006

**1. Basis for Claim**

☑ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return

- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☒ Taxes
- ☐ Other_____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of your SS #: _____
Unpaid compensation for services performed
from _____ to _____
(date)            (date)

**2. Date debt was incurred:**    see attachment

**3. If court judgment, date obtained:**

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed.

See reverse side for important explanations.

**Unsecured Nonpriority Claim** $_____11,688.75

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim.**

☒ Check this box if you have an unsecured claim, all or part of which is entitled to priority.

Amount entitled to priority $_____0.00

Specify the priority of the claim:

- ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
- ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**Secured Claim.**

☒ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:

☒ Real Estate  ☒ Motor Vehicle  ☒ Other  see below*

Value of Collateral: $  see below*
* All of debtor(s) right, title and interest to property - 26 U.S.C § 6321.
Amount of arrearage and other charges at time case filed included in secured claim, if any: $  10,150.00

- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
- ☒ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. Total Amount of Claim at Time Case Filed:** $    11,688.75        10,150.00                    21,838.75
(unsecured)      (secured)      (priority)      (Total)

☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.    (except as noted on attachment)

**7. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. Date-Stamped Copy:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

**RECEIVED**

**JUL 28 2006**

U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

| Date<br>07/21/2006 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)<br>/s/ MARIAN VALERIO, Insolvency Specialist |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for u...

Gerschbein Decl. Exs. Page 53

0544481060728000000000229

# Proof of Claim for Internal Revenue Taxes

Department of the Treasury/Internal Revenue Service



**Form 10**
Attachment

| Docket Number |
| --- |
| 05-44481-RDD |

| Type of Bankruptcy Case |
| --- |
| Chapter 11 |

| Date of Petition |
| --- |
| 10/08/2005 |

**In the Matter of:** DELPHI CORPORATION
5725 DELPHI DRIVE
TROY, MI 48098

Amendment No. 1 to Proof of Claim dated 06/01/2006

The United States has the right of setoff or counterclaim(s) in the amount of $10,150.00. The identification of the right of setoff in this amount is based on available data and is not intended to waive or limit the right to setoff against this claim debts owed to this debtor by this or any other federal agency that have not been identified. All rights of setoff are preserved and will be asserted to the extent lawful.

Excise Tax 9/30/05

## Secured Claims (Notices of Federal tax lien filed under internal revenue laws before petition date)

| Taxpayer ID Number | Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Penalty to Petition Date | Interest to Petition Date | Notice of Tax Lien Filed: Date | Office Location |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 38-3430473 | WT-FICA | 06/30/2005 | 09/05/2005 | $0.00 | $10,150.00 | $0.00 | Right to setoff | |

**Total Amount of Secured Claims:** $10,150.00

## Unsecured Priority Claims under section 507(a)(8) of the Bankruptcy Code

| Taxpayer ID Number | Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Interest to Petition Date |
| --- | --- | --- | --- | --- | --- |
| 38-3430473 | WT-FICA | 06/30/2005 | 09/05/2005 | $0.00 | $0.00 |

**Total Amount of Unsecured Priority Claims:** $0.00

## Unsecured General Claims

Penalty to date of petition on unsecured priority claims (including interest thereon) . . . . . . . . . $11,688.75

**Total Amount of Unsecured General Claims:** $11,688.75

Gerschbein Decl. Exs. Page 54

 Department of the Treasury
Internal Revenue Service

INTERNAL REVENUE SERVICE
290 BROADWAY, 5TH FL
NEW YORK, NY  10007


ROBERT D. DRAIN
U.S. BANKRUPTCY COURT
ONE BOWLING GREEN
NEW YORK, NY  10004-1408


---------------------------------------------------------------------------------------------------------------------------

**Please Fold Here.  Do not detach.**  Please be sure our address shows through the envelope window.


Internal Revenue Service
INTERNAL REVENUE SERVICE
290 BROADWAY, 5TH FL
NEW YORK, NY  10007

# Exhibit 11
# Claim No. 14259

Gerschbein Decl. Exs. Page 56

**FORM B10** (Official Form 10)(10/05)

| UNITED STATES BANKRUPTCY COURT__ SOUTHERN __ DISTRICT OF _NEW YORK__ | **PROOF OF CLAIM** |
|---|---|

| Name of Debtor<br>DELPHI CORPORATION | Case Number<br>**05-44481-RDD** | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Claim #14259
USBC SDNY
Delphi Corporation, et al.
05-44481 (RDD)

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>Department of the Treasury - Internal Revenue Service | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
|---|---|

**Received**

**AUG 0 9 2006**

**Kurtzman Carson**

| Name and address where notices should be sent:<br><br>Internal Revenue Service<br>INTERNAL REVENUE SERVICE<br>290 BROADWAY, 5TH FL<br>NEW YORK, NY 10007 | ☐ Check box if you have never received any notices from the bankruptcy court in this case. |
|---|---|
| | ☐ Check box if the address differs from the address on the envelope sent to you by the court. |

Telephone number: (212) 436-1038    Creditor #:

THIS SPACE IS FOR COURT USE ONLY

| Last four digits of account or other number by which creditor identifies debtor:          **see attachment** | Check here ☐ □ replaces   a previously filed claim, dated: _06/01/2006_<br>if this claim ☒ amends |
|---|---|

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☒ Taxes
- ☐ Other

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of your SS #: _____
  Unpaid compensation for services performed
  from _____ to _____
       (date)         (date)

| **2. Date debt was incurred:**   **see attachment** | **3. If court judgment, date obtained:** |
|---|---|

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed.
See reverse side for important explanations.

Unsecured Nonpriority Claim $ _____11,688.75_____

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim.**

☒ Check this box if you have an unsecured claim, all or part of which is entitled to priority.

Amount entitled to priority $ _____0.00_____

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**Secured Claim.**

☒ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:

☒ Real Estate  ☒ Motor Vehicle  ☒ Other _see below*_

Value of Collateral: $ _see below*_

* All of debtor(s) right, title and interest to property - 26 U.S.C § 6321.
Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____10,150.00_____

☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☒ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. Total Amount of Claim at Time Case Filed: $** _11,688.75_ _10,150.00_ _____ _21,838.75_
                       (unsecured)    (secured)    (priority)    (Total)

☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.   (except as noted on attachment)

THIS SPACE IS FOR COURT USE ONLY

**7. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

RECEIVED

JUL 2 1 2006

CLAIMS PROCESSING CENTER
USBC SD

**8. Date-Stamped Copy:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date<br><br>07/21/2006 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br><br>/s/ MARIA VALERIO/ Insolvency Specialist |
|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for*


0544481060731000000000314

# Proof of Claim for Internal Revenue Taxes

Department of the Treasury/Internal Revenue Service



**Form 10**
Attachment

| Docket Number |
| --- |
| 05-44481-RDD |
| Type of Bankruptcy Case |
| Chapter 11 |
| Date of Petition |
| 10/08/2005 |

In the Matter of:   DELPHI CORPORATION
5725 DELPHI DRIVE
TROY, MI 48098

Amendment No. 1 to Proof of Claim dated 06/01/2006

The United States has the right of setoff or counterclaim(s) in the amount of $10,150.00. The identification of the right of setoff in this amount is based on available data and is not intended to waive or limit the right to setoff against this claim debts owed to this debtor by this or any other federal agency that have not been identified. All rights of setoff are preserved and will be asserted to the extent lawful.

Excise Tax   9/30/05

## Secured Claims (Notices of Federal tax lien filed under internal revenue laws before petition date)

| Taxpayer ID Number | Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Penalty to Petition Date | Interest to Petition Date | Notice of Tax Lien Filed: Date    Office Location |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 38-3430473 | WT-FICA | 06/30/2005 | 09/05/2005 | $0.00 | $10,150.00 | $0.00 | Right to setoff |

**Total Amount of Secured Claims:**   $10,150.00

## Unsecured Priority Claims under section 507(a)(8) of the Bankruptcy Code

| Taxpayer ID Number | Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Interest to Petition Date |
| --- | --- | --- | --- | --- | --- |
| 38-3430473 | WT-FICA | 06/30/2005 | 09/05/2005 | $0.00 | $0.00 |

**Total Amount of Unsecured Priority Claims:**   $0.00

## Unsecured General Claims

Penalty to date of petition on unsecured priority claims (including interest thereon) . . . . . . . . . $11,688.75

**Total Amount of Unsecured General Claims:**   $11,688.75

# Exhibit 12
# Claim No. 2445

*Original*

FORM B10 (Official Form 10) (Rev. 4/01)

| United States Bankruptcy Court **Southern District of New York** | **PROOF OF CLAIM** |
|---|---|

| Name of Debtor: DELPHI CORPORATION | Case Number 05-44481 | Claim #02445<br>USBC SDNY<br>Delphi Corporation, et al.<br>05-44481 (RDD) |
|---|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>U.S. SECURITIES AND EXCHANGE COMMISSION | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | **RECEIVED**<br><br>APR 03 2006<br><br>**KURTZMAN CARSON**<br><br>This space is for Court Use Only |
|---|---|---|
| Name and address where notices should be sent:<br>3 WORLD FINANCIAL CENTER<br>NEW YORK, NEW YORK 10281<br>ATT'N: BANKRUPTCY GROUP<br><br>Telephone number: (212) 336-0095 | ☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | |

| Account or other number by which creditor identifies debtor: | Check here ☐ replaces ☐ amends   a previously filed claim, dated: _____<br>if this claim |
|---|---|

**1. Basis for Claim**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☒ Other: Disgorgement and civil penalties arising from possible violations of federal securities laws (see attachment A)

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (Fill out below)

Your SS#: _____ - ____ - _____

Unpaid compensation for services performed

from _____ to _____
   (date)      (date)

| **2. Date debt was incurred: Various.** | **3. If court judgment, date obtained:** |
|---|---|

**4. Total Amount of Claim at Time Case Filed:**    $ Undetermined
If all or part of your claim is secured or entitled to priority, also complete item 5 or 6 below.
☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle
☐ Other___ _____

Value of Collateral:   $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any $ _____

**6. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
  Amount entitled to priority $_____
  Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(4).
☐ Up to $2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a-____).
*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

**7. CREDITS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
**8. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This Space is for Court Use Only

*[stamp, rotated]* S.D. OF N.Y.<br>2006 MAR 16 A 3:36<br>BKCY ADMIN SERV CORP

| Date 3-16-06 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): Neal Jacobson, Senior Trial Counsel, U.S. Securities & Exchange Commission |  |
|---|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

0544481060316000000000052

Gerschbein Decl. Exs. Page 60

Attachment "A"

This claim is an undetermined claim for penalties, disgorgement, and prejudgment interest arising from possible violations of the federal securities laws. The Securities and Exchange Commission ("SEC") has been investigating pre-bankruptcy activities and transactions involving Delphi Corporation, and may file a civil action against the debtor in the appropriate court, where its claim would be determined in a final amount.

The SEC reserves the right to amend and supplement this claim as appropriate under the circumstances.