UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
IN RE:

    DELPHI CORPORATION, *et al.*,

                  Debtors.

08 Civ. 4487 (PKC) (RLE)

Bankr. Case No. 05-44481 (RDD)
(Jointly Administered)

------------------------------------------------------------------x
DELPHI CORPORATION, DELPHI
AUTOMOTIVE SYSTEMS LLC, and DELPHI
AUTOMOTIVE SYSTEMS SERVICES LLC,

                  Plaintiffs,

    - against -

THE UNITED STATES OF AMERICA,

                  Defendant.

Adversary Proceeding
No. 08-01038

------------------------------------------------------------------x


# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
# OF THE GOVERNMENT'S MOTION FOR AN ORDER
# WITHDRAWING THE REFERENCE

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2745
Facsimile: (212) 637-2686
E-mail: joseph.cordaro@usdoj.gov

JOSEPH N. CORDARO
MATTHEW L. SCHWARTZ
Assistant United States Attorneys
    - Of Counsel -

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    I.     THE ADVERSARY PROCEEDING IS SUBJECT TO
          MANDATORY WITHDRAWAL UNDER 28 U.S.C. § 157(d). . . . . . . . 2

    II.    THE COURT SHOULD WITHDRAW THE REFERENCE
          AS A MATTER OF DISCRETION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*Appoloni v. United States*,
  450 F.3d 185, 194 n.4 (6th Cir. 2006),
  *cert. denied*, 127 S. Ct. 1123 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

*Bankruptcy Services, Inc. v. Ernst & Young (In re CBI Holding Co.)*,
  Nos. 04-5972-bk(L), 04-6300-bk(XAP),
  2008 WL 2405702 (2d Cir. June 16, 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Cibro Petroleum Products, Inc. v. City of Albany (In re Winimo Realty Corp.)*,
  270 B.R. 108 (S.D.N.Y. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*City of New York v. Exxon Corp.*,
  932 F.2d 1020 (2d Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Dunmore v. United States*,
  358 F.3d 1107 (9th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Everett v. MCI, Inc. (In re WorldCom, Inc.)*,
  No. 07 Civ. 9590 (DC), 2008 WL 2441062 (S.D.N.Y. June 18, 2008). . . . . . . . 7

*In re Parmalat Fiananziaria S.p.A.*,
  320 B.R. 46 (S.D.N.Y. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*In re Tower Automotive, Inc.*,
  361 B.R. 660 (S.D.N.Y. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*IRS v. CM Holdings (In re CM Holdings, Inc.)*,
  221 B.R. 715 (D. Del. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Keene Corp. v. Williams Bailey & Wesner, L.L.P. (In re Keene Corp.)*,
  182 B.R. 379 (S.D.N.Y. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Klippel v. IRS (In re Klippel)*,
  Case No. 98-23315, Adv. Pro. No. 99-3555,
  1999 Bankr. LEXIS 1598 (Bankr. D.N.J. Nov. 18, 1999) . . . . . . . . . . . . . . . . 6

*Kreidle v. Dep't of the Treasury (In re Kreidle)*,
    143 B.R. 941, 945 (D. Colo. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*MMR Corp. (LA) v. United States (In re MMR Holding Corp.)*,
    No. Civ. 98-357, 2000 WL 1819443 (M.D. La. 2000). . . . . . . . . . . . . . . . . . . . 8

*North Dakota State University v. United States*,
    255 F.3d 599 (8th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Official Committee of Unsecured Creditors of the VWE Group, Inc. v. Amlicke (In re The VWE Group)*,
    359 B.R. 441 (S.D.N.Y. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Orion Pictures Corp v. Showtime Networks (In re Orion Pictures Corp.)*,
    4 F.3d 1095 (2d Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Rowan Cos. v. United States*,
    452 U.S. 247 (1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Royster Co. v. United States*,
    479 F.2d 387 (4th Cir. 1973). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Shugrue v. Air Line Pilots Assoc. (In re Ionosphere Clubs, Inc.)*,
    922 F.2d 984 (2d Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Shugrue v. Pension Benefit Guaranty Corp. (In re Ionosphere Clubs, Inc.)*,
    142 B.R. 645 (S.D.N.Y. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*South Street Seaport Ltd. Partnership v. Burger Boys, Inc. (In re Burger Boys, Inc.)*,
    94 F.3d 755 (2d Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Gordon Sel-Way, Inc. (In re Gordon Sel-Way)*,
    239 B.R. 741 (E.D. Mich. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*United States v. Mead Corp.*,
    533 U.S. 218 (2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*University of Pittsburgh v. United States*,
    507 F.3d 165 (3d Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

**STATUTES**

Social Security Amendments of 1983,
    Pub L. No. 98-21, 97 Stat. 65 (1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

11 U.S.C. § 505. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

26 U.S.C. § 3121(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

26 U.S.C. § 4975(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

26 U.S.C. § 6672. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

28 U.S.C. § 157(b)(2)(B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

28 U.S.C. § 157(b)(2)(C). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

28 U.S.C. § 157(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6, 7, 10

28 U.S.C. § 1346(a)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**OTHER AUTHORITIES**

Rev. Rul. 58-145, *available at* 1958 WL 10767. . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Rev. Rul. 2004-109, *available at* 2004 WL 2659666. . . . . . . . . . . . . . . . . . . . . *passim*

Rev. Rul. 2004-110, *available at* 2004 WL 2659667. . . . . . . . . . . . . . . . . . . . . . . . . 2

S. Rep. No. 98-23 (1983), *as reprinted in* 1983 U.S.C.C.A.N. 143.. . . . . . . . . . . . . . 5

Defendant the United States of America (the "Government") respectfully submits this reply memorandum of law in further support of its motion to withdraw the reference of this adversary proceeding to the United States Bankruptcy Court for the Southern District of New York.

## PRELIMINARY STATEMENT

This adversary proceeding involves the IRS's considered opinion—reflected in IRS Revenue Ruling 2004-109—that collective bargaining agreement ("CBA") ratification payments constitute wages for purposes of the Federal Insurance Contribution Act ("FICA"). Delphi claims that this revenue ruling "set forth a previously unstated principle for analyzing the wage treatment" of a CBA ratification bonus and represented an "unprecedented [IRS] position." Delphi Opposition Brief ("Delphi Br.") at 4, 5. Delphi then performs an about-face and argues against withdrawal of the reference on the grounds that this proceeding "raises no issues of first impression," and involves only a "straightforward application" of the Internal Revenue Code ("IRC"). *Id*. at 18, 23. This argument is simply incorrect. No court has ever analyzed, or even cited, Revenue Ruling 2004-109. This proceeding therefore involves issues of first impression with respect to whether CBA ratification payments are, in fact, FICA-taxable wages, and with respect to the validity of Revenue Ruling 2004-109. *See* Government's Opening Brief ("Gov't Br.") at 2. Thus, the resolution of this proceeding will require substantial interpretation of tax and administrative law, and the case accordingly belongs in the District Court.

# ARGUMENT

## I. THE ADVERSARY PROCEEDING IS SUBJECT TO MANDATORY WITHDRAWAL UNDER 28 U.S.C. § 157(d)

A district court "does not have discretion to deny a petition for withdrawal" where resolution of a case requires "significant interpretation, as opposed to simple application, of federal laws apart from the bankruptcy statutes." *See* Gov't Br. at 10-11 (citing cases).[1] In this case, the validity of the IRS's construction of FICA-taxable wages and the applicability of Revenue Ruling 2004-109 implicate substantial questions of non-bankruptcy law that must be resolved with minimal, if any, direct precedential guidance. Under 28 U.S.C. § 157(d), such cases belong in the district courts, and withdrawal of the reference is mandatory.

Although Delphi contends that "the revenue rulings directly at issue here have been the subject of several court decisions," Delphi Br. at 20, Delphi cites no cases addressing Revenue Ruling 2004-109 in support of this statement. Indeed, there are none. Delphi provides citations to two cases addressing Revenue Ruling 2004-110 (concerning severance payments), *see id.* at 21, but neglects to mention that both cases *disclaimed* any reliance on Ruling 2004-110, and did not so much as

---

[1] Contrary to Delphi's suggestion, Delphi Br. at 17 n.7, the IRC contains such non-bankruptcy law. *See* Gov't Br. at 12-13 (citing *IRS v. CM Holdings, Inc. (In re CM Holdings, Inc.),* 221 B.R. 715 (D. Del. 1998)). Aside from *CM Holdings,* Judge Haight held in *Shugrue v. Pension Benefit Guaranty Corp. (In re Ionosphere Clubs, Inc.),* 142 B.R. 645, 647, 649 (S.D.N.Y. 1992), that the IRC and ERISA are "federal laws apart from the bankruptcy statutes" for section 157(d) purposes. Delphi suggests that the law is otherwise, Delphi Br. at 17 n.7, but does so without the benefit of citation.

cite Ruling 2004-109. *See University of Pittsburgh v. United States,* 507 F.3d 165, 173 n.11 (3d Cir. 2007) ("Because this case does not present facts that are 'substantially the same' as the facts in Ruling 58-301 . . . we are free to consider and afford some deference to the reasoning in Ruling 2004-110. We need not do so, however, because Ruling 75-44 provides sufficient guidance."); *Appoloni v. United States,* 450 F.3d 185, 194 n.4 (6th Cir. 2006), *cert. denied,* 127 S. Ct. 1123 (2007) ("[B]ecause we hold that Revenue Ruling 75-44 is analogous to the facts of this case, we decline to rely on Revenue Ruling 2004-110 in making our decision.").

In addition to the issue of first impression concerning the underlying subject matter of Revenue Ruling 2004-109—whether CBA ratification payments are FICA-taxable wages—the Court must determine how much deference to accord IRS revenue rulings in the wake of *United States v. Mead Corp.,* 533 U.S. 218 (2001). Neither the Second Circuit nor the district courts in this circuit have spoken on this issue, and there is a split of authority among other courts and commentators. *See* Gov't Br. at 22-25 (citing authorities). The Government believes that IRS revenue rulings are entitled to full *Chevron* deference because they have the "force of law" within the meaning of *Mead. See* Gov't Br. at 24. Delphi does not address this contention.

In addition, this case presents a potentially complex retroactivity issue. Delphi claims that the IRS abused its discretion by retroactively applying Revenue Ruling 2004-109 to Delphi's CBA ratification payments. *See* Delphi Br. at 21-22. In

3

order to resolve this issue, the Court must decide whether Delphi's CBA payments were made under facts and circumstances essentially the same as those set out in IRS Revenue Ruling 58-145.  *See* Rev. Rul. 2004-109, *available at* 2004 WL 2659666.  As the Government argued in its opening brief, Revenue Ruling 58-145 is distinguishable because it addressed signing bonuses paid to individual baseball players from an income tax withholding standpoint whereas Revenue Ruling 2004-109 was the first time that the IRS directly addressed CBA ratification payments for FICA purposes—the exact issue in this case.  *See* Gov't Br. at 27-28.  The resolution of this question will depend on the Court's interpretation of the tax laws, and the proper forum is the District Court.

Delphi glosses over the complexity of the questions presented in this case by arguing that "[w]hether compensation constitutes wages for FICA purposes has been litigated with considerable frequency, and courts in dozens of cases have rejected the government's assertions that all payments by employers to employees are subject to payroll taxes." Delphi Br. at 19.  Of the nine cases that Delphi cites in support of this proposition, *see id.* at 19-20, only three actually concerned wages for FICA, rather than income tax withholding, purposes.  And two of the FICA cases, *Rowan Cos. v. United States,* 452 U.S. 247 (1981), *superseded by statute,* Social Security Amendments of 1983, Pub. L. No. 98-21, 97 Stat. 65 (1983), and *Royster Co. v. United States,* 479 F.2d 387 (4th Cir. 1973), were decided before the 1983 amendment of 26 U.S.C. § 3121(a), which reflected Congress's view that the objectives of the Social Security System differ from those of income tax withholding

4

rules, necessitating a broader treatment of "wages" for FICA purposes than for income tax withholding purposes.  *See* Gov't Br. at 28 n.9 (quoting S. Rep. No. 98-23 at 41 (1983), *as reprinted in* 1983 U.S.C.C.A.N. 143, 183).  The Third Circuit recognized this distinction in *University of Pittsburgh,* 507 F.3d at 167 (also quoting S. Rep No. 98-23 at 41 (1983)), cited by Delphi and discussed *supra* on page 3.

In Delphi's other FICA case, *North Dakota State University v. United States,* 255 F.3d 599, 600 (8th Cir. 2001), the Eighth Circuit held that bonus payments to tenured university faculty members under an early retirement program were not FICA-taxable wages.  Contrary to Delphi's view, *North Dakota State* supports withdrawal of the reference in this case.  *University of Pittsburgh* and *Appoloni,* cited *supra* at page 3, expressly disagreed with *North Dakota State,* holding in 2-1 decisions that early retirement payments to tenured faculty were wages for FICA purposes.  *University of Pittsburgh,* 507 F.3d at 171; *Appoloni,* 450 F.3d at 187.  Even if there is some relationship between *North Dakota State* and this proceeding, a tax issue capable of causing intra- and inter-circuit splits strengthens the case for withdrawal of the reference.  *See University of Pittsburgh,* 507 F.3d at 175 (Scirica, C.J., dissenting) (referring to the FICA issue as "not free from doubt").

Delphi also fails to substantiate its assertion that bankruptcy courts often decide tax disputes more complicated than the one at hand, offering nothing other than a string-cite of cases with no detailed analysis.  *See* Delphi Br. at 23-24.  None of these decisions involved a motion for withdrawal of the reference with respect to

5

the issues decided by the Bankruptcy Court.[2]  On such a motion, the issue is not whether bankruptcy courts have entertained tax issues generally, but whether the issues presented in the case in question involve "significant interpretation, as opposed to simple application" of non-bankruptcy law.  *City of New York v. Exxon Corp.,* 932 F.2d 1020, 1026 (2d Cir. 1991).  Such is the case here.

Finally, there is no basis for Delphi's contention that "[w]ere Defendant's interpretation of 28 U.S.C. § 157(d) taken to its logical extreme, bankruptcy courts would never have occasion to rule on federal tax disputes, notwithstanding [11 U.S.C. § 505]."  Delphi Br. at 24.  This is sheer *reductio ad absurdum*.  The Second Circuit's 28 U.S.C. § 157(d) jurisprudence mandates withdrawal of the reference only in *certain* situations, e.g., where—as here—"substantial and material consideration of non-Bankruptcy Code federal statutes is necessary for the resolution of the proceeding," *Shugrue v. Air Line Pilots Assoc. (In re Ionosphere Clubs, Inc.),* 922 F.2d 984, 995 (2d Cir. 1990), and "complicated issues of first impression are implicated under non-bankruptcy federal laws." *Keene Corp. v. Williams Bailey & Wesner, L.L.P. (In re Keene Corp.),* 182 B.R. 379, 382 (S.D.N.Y.

---

[2]  In one of Delphi's cited cases, the Bankruptcy Court actually *refrained* from deciding a complex tax issue.  *See Klippel v. IRS (In re Klippel),* Case No. 98-23315, Adv. Pro. No. 99-3555, 1999 Bankr. LEXIS 1598, at *25 (Bankr. D.N.J. Nov. 18, 1999) ("[T]he unique questions posed herein going to the proper determination of a 'responsible person' [under 26 U.S.C. § 6672] . . . is a matter that is best handled by the expertise of either the IRS through an administrative determination, or through the District Court by way of a civil refund suit.").

1995). There is no danger that withdrawal of this case will divest bankruptcy courts of their section 505(a) discretion in all cases involving tax issues.

For the foregoing reasons, withdrawal of the reference is mandatory under 28 U.S.C. § 157(d).

## II.  THE COURT SHOULD WITHDRAW THE REFERENCE AS A MATTER OF DISCRETION

In the alternative, the Court should withdraw the reference pursuant to its discretion under 28 U.S.C. § 157(d). The factors set out in *Orion Pictures Corp v. Showtime Networks (In re Orion Pictures Corp.),* 4 F.3d 1095, 1101 (2d Cir. 1993) control permissive withdrawal analysis. *See South Street Seaport Ltd. Partnership v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 762 (2d Cir. 1996). All of these factors favor withdrawal of the reference.

The first *Orion* factor concerns whether the claim at issue is core or non-core. In *Dunmore v. United States,* 358 F.3d 1107, 1115 (9th Cir. 2004), the Ninth Circuit concluded that tax refund proceedings are non-core because they "do not depend on Title 11 for their existence, but instead depend on 28 U.S.C. § 1346(a)(1)." This approach is in accord with case law from this circuit concerning core proceedings. *See Official Committee of Unsecured Creditors of the VWE Group, Inc. v. Amlicke (In re The VWE Group),* 359 B.R. 441, 448 (S.D.N.Y. 2007) ("[T]he courts of this circuit have emphasized that core proceedings must 'invoke a substantive right' created by federal bankruptcy law that would not exist outside of a bankruptcy case."); *see also Everett v. MCI, Inc. (In re WorldCom, Inc.),* No. 07 Civ. 9590 (DC), 2008 WL

2441062, at *3 (S.D.N.Y. June 18, 2008) (quoting *VWE*). *See generally Bankruptcy Services, Inc. v. Ernst & Young (In re CBI Holding Co.),* Nos. 04-5972-bk(L), 04-6300-bk(XAP), 2008 WL 2405702, at *23-25 (2d Cir. June 16, 2008) (analyzing core claims under 28 U.S.C. § 157(b)(2)(B) and (C)). "In contrast, non-core proceedings involve disputes over rights that . . . have little or no relation to the Bankruptcy Code, do not arise under the federal bankruptcy law and would exist in the absence of a bankruptcy case." *VWE,* 359 B.R. at 448 (citation and internal quotation marks omitted). Under these standards, this case, which Delphi brought simply to obtain a tax refund and has little to do with bankruptcy law, is non-core.

Delphi cites no cases from within the Second Circuit holding that an adversary proceeding seeking a tax refund constitutes a core proceeding. With respect to the other circuits, in *MMR Corp. (LA) v. United States (In re MMR Holding Corp.),* No. Civ. 98-357, 2000 WL 1819443, at *1 (M.D. La. Oct. 27, 2000), an adversary proceeding by the debtor against the United States for a refund of interest paid on tax liability pursuant to 26 U.S.C. § 4975(a) was considered non-core. Courts that have come to the opposite conclusion have done so when resolution of the tax issue affects confirmation of the bankruptcy plan. In *United States v. Gordon Sel-Way, Inc. (In re Gordon Sel-Way),* 239 B.R. 741 (E.D. Mich. 1999), cited by Delphi in footnote 1 of its brief, the district court found that an adversary proceeding for a tax refund was core because "'[a]ssessment and collection of a tax liability that relates to a pre-petition or pre-confirmation tax year will affect

the validity of the Plan's confirmation, and therefore the issue is core.'" *Id.* at 747 (quoting *Kreidle v. Dep't of the Treasury (In re Kreidle),* 143 B.R. 941, 945 (D. Colo. 1992)). In this case, however, Delphi's Chapter 11 Plan has been confirmed, and resolution of this adversary proceeding will not affect administration of Delphi's estate. *See* Gov't Br. at 34.

Even if this proceeding were core, the remaining *Orion* factors tip heavily in favor of withdrawing the reference.[3] With respect to the second and third factors, withdrawal is in the interest of judicial economy, will not delay the proceedings, and will save costs. The parties have submitted to the Bankruptcy Court an agreed-upon discovery schedule that will resolve Delphi's claims as expeditiously as possible. Using the case management plan required by this Court's Individual Practices as its template, the parties have agreed that fact discovery will close on December 19, 2008, and expert discovery will close on March 31, 2009. Given this compressed time-frame, and the likely legal complexity of discovery, *see* Gov't Br. at 31-33, the availability of a magistrate judge will be invaluable. Finally, this matter is likely to end up before the District Court even if this Court denies the Government's motion. If this matter is non-core, the Bankruptcy Court may only issue proposed findings of fact and conclusions of law for the District Court's review.

---

[3] Delphi is incorrect that the Government's arguments on the remaining *Orion* factors rely on a determination that this proceeding is non-core. *See* Delphi Br. at 15. The core/non-core determination, while important, is not dispositive, and courts have withdrawn the reference in core proceedings when higher considerations override a finding that the matter is core. *See* Gov't Br. at 30 n.10 (citing, *e.g., In re Parmalat Fiananziaria S.p.A.,* 320 B.R. 46, 50 (S.D.N.Y. 2005)).

9

If the matter is core, the non-prevailing party will likely appeal the Bankruptcy Court's ruling to the District Court. In either case, this Court's review will be *de novo,* at least as to the legal questions. *See In re Tower Automotive, Inc.,* 361 B.R. 660, 663 (S.D.N.Y. 2007); *Cibro Petroleum Products, Inc. v. City of Albany (In re Winimo Realty Corp.),* 270 B.R. 108, 117 (S.D.N.Y. 2001).

Finally, the withdrawal of one adversary proceeding concerning the tax laws, which has little or nothing to do with the underlying bankruptcy proceeding beyond the coincidence that Delphi is bankrupt, does not threaten the uniformity of bankruptcy administration. Nor is forum shopping an issue, as this case is likely to end up before the District Court even if the reference is not withdrawn.

## CONCLUSION

For the foregoing reasons, the Government's motion for withdrawal of the reference pursuant to 28 U.S.C. § 157(d) should be granted.

Dated: New York, New York
       June 23, 2008

                                          MICHAEL J. GARCIA
                                          United States Attorney for the
                                          Southern District of New York
                                          Attorney for the United States of America

By:     s/ Joseph N. Cordaro
           JOSEPH N. CORDARO
           MATTHEW L. SCHWARTZ
           Assistant United States Attorneys
           86 Chambers Street, Third Floor
           New York, New York  10007
           Telephone: (212) 637-2745
           Facsimile: (212) 637-2686
           E-mail: joseph.cordaro@usdoj.gov